INDIANA INVESTMENT AND SECURITIES COMPANY *v.*
ZIMMERMAN, SHERIFF, ET AL.

[No. 13,329.   Filed May 10, 1929.]

*Louis Rosenberg* and *Salem D. Clark*, for appellant.

NICHOLS, J.—Action in replevin by appellant to recover the possession of a certain automobile from appellees. The complaint, in five paragraphs, was answered by general denial, and the cause was submitted to the court for trial. At the close of appellant's evidence, on motion of appellees, there was a finding and judgment for appellees, from which this appeal, appellant assigning as error the action of the court in overruling appellant's motion for a new trial. We only need to consider, under appellant's assignment of error, the insufficiency of the evidence to sustain the decision of the court.

It appears by the evidence that Charles Geiseking purchased the automobile in suit through appellant, and that appellant had a claim against the same for about $1,600 under a conditional-sales contract. A short time after such purchase, Geiseking drove the automobile to Detroit, from which city he was returning with eight cases of whisky, and, when passing through Steuben county, he was arrested by appellee Zimmerman, sheriff, for transporting intoxicating liquor; the automobile was seized, and, after advertisement, was, by order of the court, sold by the sheriff to appellee Denman.

Geiseking, at the time of his arrest, informed appellee sheriff of the interest that appellant had in said automobile, and that appellant's place of business was Indianapolis, Indiana, but such sheriff did not notify appellant of the proceedings in court which resulted in the order for the sale of the automobile, and appellant had no knowledge of the same, or of such sale, until several weeks after the same had been consummated, when, after demand for the possession of the automobile, which was refused, this action in replevin followed. We are clear that it was the duty of such sheriff to notify appellant of such court proceedings, and that, had appellant been present, it would have been its burden under §2748 Burns 1926 to show to the court's satisfaction that it was in good faith the owner of the automobile, and that it had no knowledge that it was being used in violation of the law. This burden, of necessity, was with appellant in this, its action in replevin. A replevin action is a possessory action and before appellant can recover herein, it must show that it is entitled to the immediate possession of the property in controversy, and, to do this, it was no less its burden to show that it was in good faith the owner of the property and that it had no knowledge of the fact that it was being used in violation of law than would have been its

burden had it been present at the court proceedings that resulted in the order of sale. Appellees have not favored us with a brief as they should have done, but we have examined the evidence as set out in appellant's brief, and it nowhere appears that appellant had no knowledge of the use of the automobile in the violation of law. Without such showing, it is not entitled to recover.

Affirmed.